## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GREGORY L. EAST,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION FILE NO.** |
| **CONTRACT FREIGHTERS, INC. d/b/a CFI and LIBERTY MUTUAL INSURANCE COMPANY**, | |
| Defendants. | |

## NOTICE OF REMOVAL

COME NOW Contract Freighters, Inc. ("CFI") and Liberty Mutual Insurance Company and submit this Notice of Removal of the action referenced herein from the State Court of Gwinnett, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

CFI and Liberty Mutual are the named defendants in a civil action brought in the State Court of Gwinnett, Georgia, styled *Gregory L. East v. Contract Freighters, Inc. et al.*, Civil Action File No. 22-C-03472-S5. Attached hereto and made a part hereof as Exhibits are:

- Exhibit A: A true and correct copy of the Complaint filed by Plaintiff in the State Court of Gwinnett County;

- Exhibit B: A true and correct copy of the Summons issued by the Clerk of the State Court of Gwinnett County for CFI; and

- Exhibit C: A true and correct copy of the Summons issued by the Clerk of the State Court of Gwinnett County for Liberty Mutual.

The attachments hereto constitute all the pleadings that have been filed in the subject case in the State Court of Gwinnett County, Georgia.

2.

The action was commenced by the filing of Plaintiff's Complaint on June 23, 2022. The registered agents for both CFI and Liberty Mutual were served on June 24, 2022.

3.

CFI and Liberty Mutual remove this case based upon the jurisdiction granted this Court by 28 U.S.C. § 1332.

4.

Pursuant to 28 U.S.C. § 1446(b)(1) and FED. R. CIV. P. 6(a),[1] this Notice of Removal is filed within 30 days after receipt by CFI and Liberty Mutual, through

---

[1] Both CFI and Liberty Mutual were served on June 24, 2022.  The 30th day from that service date is July 24, 2022, which is a Sunday.  "Because that deadline coincides with a weekend Defendant's window to timely remove is extended to Monday, [July 25, 2022], under FED. R. CIV. P. 6(a)(1)(C)." *Chamblin v. VIAS (One Exch. Co.)*, No. 2:18-CV-0725-UJB-VEH, 2018 U.S. Dist. LEXIS 86468, at *7 n.3 (N.D. Ala. May 23, 2018) (*citing* FED. R. CIV. P. 6(a)(1)(C) (directing when computing time to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday")); *see also Hardy v. Ruffin*, No. 2:18-CV-01477-KOB, 2018 U.S. Dist. LEXIS 222327, at *2-3 (N.D. Ala. Dec. 5, 2018) ("Here, the 30th day fell on September 9, which was a Sunday. Rule 6 allows for a deadline falling on a Sunday to continue until the end of the next day that is not a Saturday, Sunday, or legal holiday. So, Monday, September 10 became the last day to timely file a notice of removal.");

service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

5.

CFI and Liberty Mutual show that the subject controversy is one between a resident of the State of Tennessee (Gregory L. East) and two corporations, neither of which is a resident of the State of Tennessee nor the State of Georgia (CFI and Liberty Mutual).

6.

On information and belief, Gregory L. East[2] was at the time of the commencement of this action and still is a citizen and resident of the State of Tennessee.

7.

Contract Freighters, Inc. is a corporation organized under the laws of the State of Missouri with a principal place of business in Missouri.

8.

Liberty Mutual is a corporation organized under the laws of the State of Massachusetts with a principal place of business in Massachusetts.

_Bivins v. Nationstar Mortg., LLC_, No. 1:16-cv-302-WSD, 2016 U.S. Dist. LEXIS 91859, at *7 (N.D. Ga. July 14, 2016) (same).

[2] _See_ Complaint ¶ 1 ("Plaintiff Gregory L. East … is a Tennessee resident").

9.

Based upon the allegations contained in the Complaint, CFI and Liberty Mutual assert that the matter in controversy exceeds $75,000.00, excluding interest and costs, and is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

The party removing on § 1332 grounds bears the burden of showing that the amount in controversy is greater than the $75,000 jurisdictional amount.[3] This showing sometimes requires additional evidence, but when a defendant alleges that the face of the complaint itself supports removal, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden."[4]

If, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."[5] In this assessment, the district court "need not suspend reality or shelve common sense."[6] Instead, the court may use "reasonable deductions,

---

[3] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

[4] *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

[5] *Id.*

[6] *Id.*

reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable."[7]

The court is not "bound by the plaintiff's representations regarding [his] claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought."[8]

This case involves allegations of alleged personal injury[9] as a result of a collision between a train operated by Plaintiff, who was a locomotive engineer, and a CFI tractor-trailer (which Plaintiff alleges to have been insured by Liberty Mutual).[10]   In this suit, Plaintiff seeks all damages incurred as a result of the accident, which he alleges were severe and permanent and "end[ed] his railroad career."[11]

Additionally, Plaintiff has specifically pled an entitlement to the following damages: "compensatory damages, including past lost wages, future lost wages, diminished earning power, lost fringe benefits, unpaid medical expenses, future medical expenses; past and future pain and suffering, both mental and physical,

---

[7] *Id.*

[8] *Id.*

[9] *See* Complaint ¶ 6 ("Plaintiff sustained both physical and mental serious and permanent injuries while performing his duties as a locomotive engineer").

[10] *See* Complaint ¶ 4 ("This case and Plaintiff's claims for compensation for injuries arise from a collision at a railroad grade crossing in Emerson, Bartow County Georgia between a tractor trailer owned by Defendant CFI, insured by Defendant Liberty Mutual, driven by a Defendant CFI agent and employee and a CSX Transportation, Inc. … locomotive operated by its engineer Plaintiff East.").

[11] *See* Complaint ¶ 13 ("The violent collision and impact of the CSXT train with" the CFI Tractor Trailer caused Plaintiff to suffer severe and permanent personal injuries both physical and mental which caused his injuries and damages ending his railroad career.").

in such amounts as a jury shall determine are just and reasonable under the circumstances."[12]

While no specific dollar amount is claimed in the Complaint, in discussions with Plaintiff's counsel, CFI and Liberty Mutual have learned that it is Plaintiff's position that he was disqualified, for lack of a better term, by the Railroad Retirement Board from further working as a locomotive engineer, that his remaining working life is estimated to be more than 1 year, and that Plaintiff's average annual salary exceeded $100,000.

Given these assertions as to items of damages sought, CFI and Liberty Mutual have a good faith basis to believe that the jurisdictional limit of $75,000 is met in this matter.

10.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one that CFI and Liberty Mutual are entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

11.

Both named Defendant have joined in this Removal, thus the unanimity rule is met.[13]

---

[12] Complaint, p. 7, "Wherefore" ¶ 3.

[13] *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) ("The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the 'unanimity rule.'").

**WHEREFORE**, Contract Freighters, Inc. and Liberty Mutual Insurance Company pray that this Notice of Removal be filed, said action be removed to and proceed in this Court, and no further proceedings be had in this case in the State Court of Gwinnett, Georgia.

**Respectfully submitted** this 25th day of July 2022.

HAWKINS PARNELL & YOUNG, LLP

/s/ *C. Shane Keith*

303 Peachtree Street

Suite 4000

Atlanta, Georgia 30308-3243

(404) 614-7400

(855) 889-4588 (fax)

skeith@hpylaw.com

eream@hpylaw.com

C. Shane Keith

Georgia Bar No. 411317

Elliott C. Ream

Georgia Bar No. 528281

*Counsel for CFI and Liberty Mutual*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)</u>

I hereby certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Book Antiqua" font, 13 point, as required by Local Rule 5.1(C).

## <u>CERTIFICATE OF SERVICE</u>

I have served Plaintiff's counsel in this case with the foregoing NOTICE OF REMOVAL and Exhibits A through C by placing copies in the U.S. Mail in an envelope with adequate postage, addressed as follows:

> John D. Steel
> Steel & Moss, LLP
> The Fountains at Piedmont Center
> 3495 Piedmont Road, N.E.
> Building 11 - Suite 905
> Atlanta, Georgia 30305

This 25th day of July 2022.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
*Counsel for CFI & Liberty Mutual*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (fax)
skeith@hpylaw.com

E-FILED IN OFFICE - F
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03472-S**
**6/23/2022 8:42 Al**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GREGORY L. EAST,

    Plaintiff,

v.

CONTRACT FREIGHTERS, INC d/b/a
CFI, and LIBERTY MUTUAL
INSURANCE COMPANY,

    Defendants.

22-C-03472-S5

Civil Action
File No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

COMES NOW Plaintiff, Gregory L. East and files this lawsuit against Defendant

Contract Freighters, Inc. d/b/a CFI and Liberty Mutual Insurance Company (collectively

"Defendants") showing the Court as follows:

### **Nature of the Case – Jurisdiction - Parties**

1.

Plaintiff Gregory L. East (hereinafter "Plaintiff "or "East") is a Tennessee resident,

residing in Etowah Tennessee.

2.

Defendant Contract Freighters, Inc. d/b/a CFI (hereinafter "Defendant CFI") is a

Missouri corporation with its principal place of business in Missouri registered to do business in

Georgia and may be served by serving its registered agent for service of process: Corporation

Service Company, at its registered office at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett

County, Georgia, 30092

**Exhibit A**

3.

Defendant Liberty Mutual Insurance Company (hereinafter "Defendant Liberty Mutual") is a Massachusetts corporation with its principal place of business in Massachusetts registered with the Georgia Insurance Commissioner and may be served by serving its registered agent for service of process: Corporation Service Company, at its registered office at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092

4.

This case and Plaintiff's claims for compensation for injuries arise from a collision at a railroad grade crossing in Emerson, Bartow County Georgia between a tractor trailer owned by Defendant CFI, insured by Defendant Liberty Mutual, driven by a Defendant CFI agent and employee and a CSX Transportation, Inc. ("CSXT") locomotive operated by its engineer Plaintiff East.

5.

Jurisdiction and venue are proper in this county pursuant to O.C.G.A. 14-2-510(b)(1) as the registered offices for Defendants in Georgia are in Gwinnett County.

**Statement of Facts**

6.

On June 24, 2020 at approximately 9:20 a.m. Plaintiff sustained both physical and mental serious and permanent injuries while performing his duties as a locomotive engineer for CSXT when a collision occurred between his CSXT train (locomotives and cars) and a tractor and trailer owned by Defendant CFI operated by its agent and employee Vicky Morris (hereinafter "Morris ").

7.

On June 24, 2020 at or about 9:20 am Plaintiff was operating the CSXT locomotive in compliance with all federal, state, and company rules and regulations on CSXT track traveling north approaching the grade crossing located at Gaston Westbrook Avenue at Highway 293 in Emerson, Bartow County, Georgia ("the Crossing").

8.

Before reaching the Crossing road signage in all directions on Highway 293 and Gaston Westbrook Avenue warned any approaching driver that no trucks were permitted to proceed across the Crossing.

9.

Just before the CSXT train approached the Crossing on June 24, 2020, Defendant CFI agent and employee Morris chose to ignore the signage prohibiting trucks and to drive the Kenworth Tractor with its attached trailer ("CFI Tractor Trailer") which she was operating, on Gaston Westbrook Avenue eastbound and attempt to drive the CFI Tractor Trailer across the Crossing.

10.

The CFI tractor trailer did not clear the Crossing, became stuck, stopped on and blocked the Crossing.

11.

As the CSXT train approached the Crossing, the Crossing lights, bells and gates activated but Morris did not move the CFI Tractor Trailer which remained on and blocking the tracks at the Crossing resulting in a collision between the CSXT train and the CFI Tractor Trailer.

12.

As the CSXT locomotive approached the CFI Tractor Trailer blocking the Crossing before impact, Plaintiff took all reasonable steps to avoid the collision and complied with all applicable rules and regulations.

13.

The violent collision and impact of the CSXT train with the CFI Tractor Trailer caused Plaintiff to suffer severe and permanent personal injuries both physical and mental which caused his injuries and damages ending his railroad career.

**Direct Action Statutes-Defendant Liberty Mutual**

14.

As of June 24, 2020 Defendant Liberty Mutual provided insurance coverage to motor carrier Defendant CFI pursuant to Policy Number 016067969 issued to Defendant CFI by Defendant Liberty Mutual .

15.

Defendant CFI a motor carrier engaging in interstate commerce and therefore Defendant Liberty Mutual is a proper party to this action pursuant to O.C.G.A. 40-2-112 and 40-1-112 (Georgia Direct Action Statutes).

**Agency**

16.

At the time of the incident and at all times relevant to this matter, Morris was in the course of her employment, working for and acting as an agent and employee of Defendant CFI, and therefore any acts or omissions of and by Morris are imputed to Defendant CFI as a matter of law.

## **Count I – Negligence of Defendant CFI**

### 17.

Plaintiff re-alleges and incorporates paragraphs 1-16 above as if each was set forth in its entirety.

### 18.

CFI agent and employee  Morris failed to adhere to and ignored  the road signage prohibiting trucks from traversing the Crossing and  negligently stopped or caused the CFI Tractor Trailer to be stopped on the railroad tracks at the Crossing due to insufficient undercarriage clearance and other reasons such that the CFI Tractor Trailer was blocking the Crossing for rail traffic and therefore negligently failed to properly clear the Crossing and negligently failed to yield the right of way to the approaching CSXT train.

### 19.

CFI agent and employee Morris' negligence caused the collision in which Plaintiff was injured, and her negligence is imputed to Defendant CFI.

### 20.

Defendant CFI is vicariously liable for the negligence of their agent and employee Morris.

### 21.

As a result of the negligence of Morris and therefore CFI, Plaintiff sustained  serious and permanent injuries that have caused him to suffer mental and physical pain and suffering, a loss of wages and benefits in the past, incur medical expenses and costs and has caused and will continue to cause him to incur lost future wage loss and a loss of capacity to earn wages in the

future, mental and physical pain and suffering in the future as well as incur medical expenses in the future.

## Count II – Negligence per se of Defendants CFI

### 22.

Plaintiff re-alleges and incorporates paragraphs 1- 21 above as if each was set forth in its entirety.

### 23.

Morris was working and operating the CFI Tractor Trailer as an agent and employee of Defendant CFI at the time of the incident.

### 24.

CFI agent and employee Morris failed to follow the road signage prohibiting trucks from the Crossing, failed to clear the Crossing, failed to yield the right of way to the approaching train, failed to approach the Crossing properly as required pursuant to Georgia law and stopped on the railroad tracks and the Crossing in violation of O.C.G.A. 40-6-140 including but not limited to O.C.G.A. 40-6-140(g) and other applicable Georgia statutory provisions.

### 25.

In addition, CFI agent and employee Morris violated 49 CFR Part 392.2 by the violations of Georgia law as well as 49 CFR Parts 392.10 and 392.12 by failing to properly approach, stop and clear the Crossing without stopping.

### 26.

As a result of these violations of applicable state and federal law and regulations by CFI agent and employee Morris, Defendant CFI is deemed to be negligent per se and/or negligent as a matter of law.

27.

Defendant CFI is vicariously liable for the negligence per se of their agent and employee Morris.

28.

As a direct result of the negligence per se of CFI, Plaintiff sustained serious and permanent injuries that have caused him to suffer mental and physical pain and suffering, a loss of wages and benefits in the past, incur medical expenses and costs and has caused and will continue to cause him to incur lost future wage loss and a loss of capacity to earn wages in the future, mental and physical pain and suffering in the future as well as incur medical expenses in the future.

WHEREFORE, Plaintiff prays the following:

1. That process be served on Defendants according to law;

2. That Plaintiff have a trial by jury;

3. That judgment be entered in Plaintiff's favor against Defendants for compensatory damages, including past lost wages, future lost wages, diminished earning power, lost fringe benefits, unpaid medical expenses, future medical expenses, past and future pain and suffering, both mental and physical, in such amounts as a jury shall determine are just and reasonable under the circumstances;

4. That judgment be entered in Plaintiff's favor against Defendants for compensatory damages, in such amounts as a jury shall determine are just and reasonable under the circumstances;

5. That Plaintiff has such other relief as the Court shall deem just and proper.

This 23rd day of June, 2022.

**STEEL & MOSS, LLP**

By: */s/ John D. Steel*
John D. Steel
Georgia Bar No. 677646

The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11 – Suite 905
Atlanta, Georgia 30305
Phone: (404) 264-1292
Email: jsteel@steel-moss.com

E-FILED IN OFFICE - F
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03472-S**
6/23/2022 8:42 AI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Gregory L. East**

_____

_____

_____

|  | 22-C-03472-S5 |
| --- | --- |
|  | CIVIL ACTION |
|  | NUMBER:_____ |

PLAINTIFF

VS.

**Contract Freighters, Inc. d/b/a**

_____

**CFI**

_____

_____

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John D. Steel
Steel & Moss, LLP
3495 Piedmont Road, NE
Building 11 - Suite 905
Atlanta, GA 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

23rd day of June, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**Exhibit B**

E-FILED IN OFFICE - F
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03472-S**
**6/23/2022 8:42 AI**
**TIANA P. GARNER, CLER**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Gregory L. East**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____

22-C-03472-S5

VS.

**Liberty Mutual Insurance Company**

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John D. Steel
Steel & Moss, LLP
3495 Piedmont Road, NE
Building 11 - Suite 905
Atlanta, GA 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This** _____ **day of** _____ **,** **20**_____ **.**

23rd day of June, 2022

Tiana P. Garner
Clerk of State Court

**By**_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

**Exhibit C**